## D. R. BURBANK *v.* W. J. LETCHER.

**Contracts—Rescission—Rents Off-set Interest on Amount Paid.**
> Upon a rescission of a contract of purchase for lands, the interest on the purchase money paid in, is held to off-set rents of the property, whether it be a private sale, or by order of court to settle an estate.

APPEAL FROM HENDERSON CIRCUIT COURT.

June 20, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

This appeal is from a judgment for $1,256.66 with interest from the 18th of December, 1868, rendered against the appellant, on a submission of the law and facts to the court for trial, without the intervention of a jury, in an action brought by the appellee, Wyatt J. Letcher, for the recovery of a house and lot in the city of Henderson, and damages for the use and occupation thereof. The plaintiff's title and right to the possession of the property, not being controverted, a judgment for the recovery of the house and lot was rendered in June, 1868, and is not now sought to be disturbed; but at a subsequent term the judgment was rendered which is complained of on this appeal.

It appears that the title to the property was vested in the appellee, as the only child and heir of Mrs. Emily Letcher, deceased, who derived title thereto under the will of Wyatt H. Ingram, deceased, subject to a particular estate in the widow of the testator, which afterwards expired; and that the appellee acquired possession of the property, as a purchaser from R. P.

Letcher, the father and guardian of the appellee, at the price of $10,000, in 1864; said R. P. Letcher then assuming to have a life estate in the property as a tenant by courtesy, and through a judicial proceeding and sale, to have acquired also the title of his ward, W. J. Letcher. But it also appears, that in a suit subsequently prosecuted by the appellant, his said purchase was rescinded and the conveyance to him was cancelled by a judgment, rendered on the 27th of November, 1867, and that he recovered a judgment against the administratrix of R. P. Letcher, who had died, for said sum of $10,000 with interest from the first day of April, 1867, at which time, as the judgment recites, "it appears that said Letcher had departed this life."

To the claim for rent of the property, which was the foundation of the judgment for $1,256.66, the appellant pleaded, among other matters of defense, in substance and effect, that in good faith believing the title of R. P. Letcher to be good, he purchased the property, and paid him the consideration of $10,000, in 1864, and that from that time Letcher had the use of the money which was worth more than the reasonable rent of the property, and said R. P. Letcher, contending to be the guardian of said W. J. Letcher, had a right to lease, if not to sell the property, and therefore whatever liability appellant incurred for rent was to R. P. Letcher, from whom he received the possession of the property, and said liability was fully satisfied and discharged by the use of said $10,000.

It is apparent from the judgment in the suit to rescind the contract and cancel the deed to the appellant, to which the appellee was a party, defending by a guardian *ad litem,* that the use of the purchase money in the hands of Letcher, till the time of his death, was applied by the court as an equitable set-off, in satisfaction of the liability of the appellant to account for rent during the same time. And if this was not the effect of that judgment, the court on the pleadings and agreed facts, should have so adjudged in this case, according to the principle of the decision of this court, in *Anderson, etc., c. Layton, etc., 3 Bush., 87.* As it was undoubtedly the right of R. P. Letcher to rent the real estate of his ward during the continuance of his fiducial relation to him, and it was his duty to render the estate in his hands productive, he being with his sureties responsible to his ward for

the rents and profits of the estate, the liability of the appellant to account for rent, if any was implied, upon the failure of the title of R. P. Letcher and consequent rescission of his contract, was properly subject to be set-off against so much of the purchase price which he had paid, or the use of it in the guardian's hands.

Wherefore, the judgment is reversed and the cause remanded for a new trial and further proceedings consistent with this opinion.

*Stevenson & Myers, Vance,* for appellant.

*James,* for appellee.